IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

THOMAS E. PEREZ, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

        Plaintiff, : Civil Action No. _____

  v.

VALLEY HOTEL, INC. d/b/a VALLEY HOTEL,
a corporation, and THOMAS E. SMITH,
Individually and as an Owner of the
aforementioned corporation,

        Defendants.

---

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*), hereinafter referred to as "the Act" or "the FLSA," and for judgment against Defendants for unpaid back wage compensation found to be due to certain employees of Defendants pursuant to the Act for the time period of August 28, 2011 through the present, and for liquidated damages in an amount equal to the total back wages found due to the employees.

1

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Valley Hotel, Inc. d/b/a/ Valley Hotel ("Valley Hotel") is a Pennsylvania corporation that operates a restaurant/tavern, bottle shop, and lodging facility in a single location with a business address of 246 Main St., Mill Hall, PA 17751, which is within the jurisdiction of this Court.

III.

Defendant Thomas E. Smith ("Mr. Smith") is the owner of the Valley Hotel and maintains a place of business at 246 Main St., Mill Hall, PA 17751, which is within the jurisdiction of this Court. Mr. Smith actively supervised and directed employment practices and acted directly or indirectly in the interest of Valley Hotel in relation to its employees at times relevant herein. Mr. Smith manages the business of the Valley Hotel, supervises employees of the Valley Hotel, hires and terminates employees, creates schedules, and sets wage rates. Among other things, Mr. Smith was responsible for Valley Hotel's pay practices, including Valley Hotel's failure to pay the applicable minimum wage at all times to certain employees, Valley Hotel's practice of not paying employees for all overtime hours

worked, Valley Hotel's practice of not paying employees a premium for overtime hours worked, and Valley Hotel's record-keeping practices.

IV.

The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

V.

At all times hereinafter mentioned, Defendants have employed employees in and about their place of business in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## VI.

Defendants employed individuals to work at the Valley Hotel as bartenders, cooks, kitchen staff, clerks, cleaners, and/or servers. Defendants' employees all worked onsite at the Valley Hotel and were responsible for preparing food and drinks, serving food and drinks, ordering supplies, cleaning the Valley Hotel, preparing rooms for overnight guests, and/or clerical tasks in support of Valley Hotel's operations. Valley Hotel did not pay certain of its employees at least the minimum wage of $7.25 per hour at all times.

## VII.

Defendants have, in certain workweeks during the time period of August 28, 2011 through at least August 27, 2013, and continuing from that date through the present, violated the provisions of Sections 6 and 15(a)(2) of the Act, by employing certain of their employees, listed on attached Schedule A, at the business and engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, without compensating said employees for their employment in said workweeks at rates not less than $7.25 per hour.

## VIII.

Since at least August 28, 2011 through at least August 27, 2013, certain employees of the Valley Hotel regularly worked in excess of forty hours in a

workweek. Although Valley Hotel failed to keep and preserve employee time records, based upon current information available to Plaintiff, since at least August 28, 2011 through at least August 27, 2013, each employee named in Schedule B attached to Plaintiff's Complaint has worked at least one week during which he or she worked more than forty hours total per week at the Valley Hotel.

IX.

As a result of its knowing and reckless decision to segregate overtime hours worked from its regular payroll process and record-keeping procedures to avoid properly compensating employees for overtime hours worked, Defendants have, in many workweeks from at least August 28, 2011 through at least August 27, 2013, and continuing from that date through the present, repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, by employing certain of their employees at the business and engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than those prescribed by Section 7 of the Act without compensating said employees for their employment in excess of the prescribed hours in said workweeks and/or without compensating said employees for their employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were and are employed. More

5

specifically, Defendants have, in many workweeks from at least August 28, 2011 through at least August 27, 2013, repeatedly and willfully failed to pay its employees at a rate of one and one half times their regular rate for overtime hours worked and/or failed to pay its employees for all overtime hours worked. Defendants required employees to record their overtime hours worked on a separate time sheet and were unable to provide records of payment of wages for all overtime hours worked.

X.

As a result of its knowing and reckless decision to segregate overtime hours worked from its regular payroll process and record-keeping procedures, Defendants have, in many workweeks, repeatedly and willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of many of their employees of the hours and other conditions of their employment, as prescribed by the regulations issued and found at 29 C.F.R. Part 516, in that Defendants did not maintain and preserve records of all hours worked; wages paid; the regular hourly rate of pay for any workweek in which overtime compensation is due; hours worked each workday and total hours worked each workweek; total daily or weekly straight time earnings for hours worked during the workday or workweek, exclusive of premium overtime compensation; total additions to or deductions from wages paid each pay

period; total wages paid each pay period; and the date of payment and the pay period covered by payment, during the time period from at least August 28, 2011 through at least August 27, 2013, and continuing from that date through the present.

XI.

On November 7, 2013, Defendants entered into a Back Wage Compliance Payment Agreement ("BWCPA") with the Wage and Hour Division, attached hereto as Exhibit A, whereby Defendants agreed to pay back wages as found due by the Wage and Hour Division and waived all rights and defenses that may be available by virtue of the statute of limitations, including but not limited to Section 6 of the Portal-to-Portal Act, 29 U.S.C. 255. Also on November 7, 2013, Mr. Smith signed a Form WH-56, Summary of Unpaid Wages, attached hereto at Exhibit A, whereby Defendants agreed to pay a total of $30,816.86 in back wages due to a total of eleven employees that are collectively listed on the attached Schedule A and Schedule B. By signing the BWCPA and the Form WH-56, Summary of Unpaid Wages, Defendants agreed to pay a total of $30,816.86 in back wages due to a total of eleven employees.

XII.

Plaintiff exercised due diligence in preserving his legal rights by entering into the aforementioned BWCPA with Defendants on November 7, 2013, whereby

Defendants agreed to pay back wages as found due by the Wage and Hour Division and waived all rights and defenses that may be available by virtue of the statute of limitations, including but not limited to Section 6 of the Portal-to-Portal Act, 29 U.S.C. 255. Also on November 7, 2013, Mr. Smith signed the aforementioned Form WH-56, Summary of Unpaid Wages, whereby Defendants agreed to pay a total of $30,816.86 due in back wages to a total of eleven employees that are collectively listed on the attached Schedule A and Schedule B. In addition to the representations that Defendants made to Plaintiff on November 7, 2013, by correspondence from Defendants on, but not limited to, April 6, 2015, July 5, 2014, June 13, 2014, and November 12, 2013, Defendants actively misrepresented, and then continued to misrepresent, that it would pay the back wages found due by the Wage and Hour Division if Defendants received certain information from Plaintiff. Plaintiff provided the requested information on multiple occasions and expected that Defendants would then pay the back wages found due. Defendants' actions actively misled Plaintiff into believing that Defendants would pay the back wages as assessed and agreed upon.

XIII.

Since at least August 28, 2011 through at least August 27, 2013, Defendants have repeatedly and willfully violated the overtime and record-keeping provisions of the Act. Since at least August 28, 2011 through at least August 27, 2013,

Defendants have violated the minimum wage provision of the Act. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

XIV.

As a result of the violations herein alleged, amounts are owed to certain present and former employees including the persons specifically named in the Schedule A and Schedule B attached to Plaintiff's Complaint.

XV.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment pursuant to Section 17 of the Act to permanently enjoin and restrain Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act and for judgment against Defendants for unpaid back wage compensation found to be due to certain employees of Defendants pursuant to the Act for the time period of August 28, 2011 through August 27, 2013; unpaid back wage compensation found to be due to of the employees of Defendants pursuant to the Act for the time period subsequent to August 27, 2013;

and for liquidated damages in an amount equal to the total back wages found due to the employees. Additional amounts of money and liquidated damages may also be owed to certain present and former employees of Defendants denoted on the attached Schedule A and Schedule B for violations of the Act and may be owed to persons presently unknown to Plaintiff for violations of the Act occurring since August 27, 2011.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor.

Post Office Address:

Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5130
(215) 861-5162 (fax)
abdoveis.elaine.m@dol.gov
zzsol-phi-docket@dol.gov

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

/s/ E.M. Abdoveis
Elaine M. Abdoveis
Trial Attorney
PA ID #311468

Date: January 19, 2017

U.S. DEPARTMENT OF LABOR