# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER ACOSTA, UNITED STATES SECRETARY OF LABOR,  Plaintiff.  v.  VALLEY HOTEL, et al.,  Defendants. | No. 4:17-CV-00113  (Judge Brann) |

## MEMORANDUM OPINION

### DECEMBER 11, 2017

Defendants Thomas E. Smith and the Valley Hotel moved to dismiss Plaintiff Alexander Acosta's Amended Complaint. For the reasons that follow, that motion is granted in part and denied in part.

## I.   BACKGROUND[1]

Thomas E. Smith owns the Valley Hotel, a restaurant and lodging facility located in Mill Hall, Pennsylvania.[2] On November 6, 2013, after an investigation by the Wage and Hour Division of the United States Department of Labor, Mr. Smith signed a Back Wage Compliance and Payment Agreement ("Agreement"),

---

[1] When considering a motion to dismiss for failure to state a claim, a court assumes the truth of all allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from the Government's Amended Complaint, ECF No. 11, and is presumed true for present purposes.

[2] ECF No. 11 ¶¶ II, III.

agreeing to pay $30,816.86 in back wages to a number of identified Valley Hotel employees.[3] The back wages, owed under the Fair Labor Standards Act ("FLSA"),[4] accrued between August 28, 2011, and August 27, 2013.[5] The Agreement noted that the Defendants "waive[d] all rights and defenses which may be available by virtue of statute[s] of limitations, including but not limited to [§] 6 of the Portal-to-Portal Act (29 U.S.C. [§] 255[)]," as well as "[a]ny right[] to challenge or contest the validity of this Agreement."[6]

The Defendants did not immediately tender the back wages. A few days after signing the Agreement, they noted their intention to condition payment upon receipt of certain information from the Government vis-à-vis its calculation methods.[7] The parties exchanged correspondence on this issue through April 6, 2015,[8] but did not reach a satisfactory agreement. Eventually, the Government filed a Complaint against Defendants on January 19, 2017, alleging various violations of the FLSA.[9]

---

[3] ECF No. 11 ¶ XI; ECF No. 19.

[4] 29 U.S.C. § 201 *et seq.*

[5] ECF No. 19.

[6] *Id.* ¶¶ 7, 9.

[7] ECF No. 11 ¶ XII.

[8] *Id.*

[9] ECF No. 1.

The Government filed an Amended Complaint on June 29, 2017,[10] outlining the sequence of events described above and alleging that Defendants violated the FLSA by (1) failing to pay certain employees the minimum wage mandated under 29 U.S.C. § 206;[11] (2) failing to pay certain employees an overtime premium—*i.e.*, "time and a half"—under 29 U.S.C. § 207;[12] and (3) failing to maintain payroll records in the manner required by 29 U.S.C. § 211 and 29 C.F.R. 516.[13] The Amended Complaint sought relief from alleged violations occurring from November 11, 2010, through the present.

Defendants moved to dismiss the Amended Complaint on July 11, 2017, arguing that many of the Government's claims were bared by the applicable statute of limitations and that, in any event, the Government failed to allege facts sufficient to state a claim upon which relief may be granted.[14]

## II.   DISCUSSION

### A.   Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[15] a court assumes the truth of all factual allegations in a

---

[10]   ECF No. 11.

[11]   *Id.* ¶¶ VI, VII.

[12]   *Id.* ¶¶ VIII, IX.

[13]   *Id.* ¶ X.

[14]   ECF Nos. 13, 14.

[15]   Federal Rule of Civil Procedure 12(b)(6).

plaintiff's complaint and draws all inferences in favor of that party;[16] the court does not, however, assume the truth of any of the complaint's legal conclusions.[17] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[18]

### B. Whether any of the Government's Claims are Barred by the Applicable Statute of Limitations

Claims for violations of the FLSA ordinarily face a two-year statute of limitations; claims for *willful* violations of that statute face a three-year limitations period.[19] The Government's original complaint in this case was filed on January 19, 2017. Therefore, all alleged violations occurring before January 19, 2014, must surmount a limitations obstacle.[20]

The Government alleges that Defendants contractually waived their right to raise a statute of limitations defense against certain pre-January 19, 2014 claims when they signed the Agreement. As noted *supra*, the Agreement stated that

---

[16] *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[18] *Id.*

[19] 29 U.S.C. § 255(a).

[20] Defendants may raise a statute of limitations defense on a Rule 12(b)(6) motion to dismiss "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

Defendants agreed to "waive[] all rights and defenses which may be available by virtue of statute[s] of limitations, including but not limited to [§] 6 of the Portal-to-Portal Act (29 U.S.C. [§] 255[)]." Defendants maintain that the Agreement is unenforceable, arguing that it is invalid as (1) beyond the scope of authority granted to the DOL by the FLSA and (2) lacking consideration.

The FLSA clearly states that the DOL "is authorized to supervise the payment of . . . unpaid minimum wages or . . . unpaid overtime compensation owing to any employee or employees under [29 U.S.C. §§] 206 or [ ]207."[21] In light of the fact that the FLSA "has been liberally interpreted,"[22] this Court cannot conclude that the Agreement—which sought to secure payment owed to underpaid employees—was an *ultra vires* act of the Department of Labor. As for the Defendants' consideration argument, this Court can—and, at this stage, must—infer that, in exchange for Defendants' agreement to pay back wages and waive the statute of limitations, the Government agreed to refrain from immediately filing a suit against them.[23] Therefore, the Government has sufficiently pled facts

---

[21] 29 U.S.C. § 216(c).

[22] *Brock v. Richardson*, 812 F.2d 121, 124 (3d Cir. 1987).

[23] *See, e.g.*, *Wallace v. Kilbride*, 319 F.2d 760, 762 (3d Cir. 1963) (forbearance from filing suit is adequate consideration).

supporting its argument that Defendants contractually waived a limitations defense to certain pre-January 2014 claims.[24]

It is important, however, to precisely identify which claims may be subject to this contractual limitations waiver. In its Amended Complaint, the Government seeks recovery on claims dating back to November 11, 2010. The Agreement, however, covers only *eleven*[25] *specifically-mentioned* claims dating back to August 28, 2011. Therefore, this Court can only infer that Defendants contractually waived a limitations defense on those eleven specific claims.

In the alternative, the Government argues that the statute of limitations for pre-January 19, 2014 claims should be equitably tolled. In its complaint, the Government alleges that Defendants, in their correspondence with the Government through April 6, 2015, "actively misrepresented, and then continued to misrepresent, that [they] would pay the back wages . . . if [they] received certain information" from the Government.[26] However, this correspondence referred to

---

[24] After discovery, of course, it may be shown that the Government did not, in fact, agree to refrain from immediately filing suit against Defendants or provide any other consideration in exchange for Defendants' promise to waive a statute of limitations defense.

[25] The Agreement, as printed, appears to have originally covered fifteen specifically-mentioned claims totaling $50,016.88, but some of the claims were eliminated or reduced by hand. The Government appears to agree that the Agreement, as modified, covers only eleven specifically-mentioned claims totaling $30,816.86. *See* ECF No. 11 ¶ XI ("Defendants . . . agreed to pay back wages . . . totaling $30,816.86").

[26] ECF No. 11 ¶ XII. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) ("equitable tolling may be appropriate . . . where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action").

the Agreement, which covers only the eleven specifically-identified back-wage claims this Court has just determined may be subject to a contractual statute-of-limitations waiver. This Court cannot, from this Amended Complaint, infer a basis to equitably toll the statute of limitations for other pre-January 2014 claims; therefore, these claims must be dismissed.

### C. Whether the Government Has Adequately Pled Claims Arising on or After January 19, 2014

The Defendants argue that the Government's factual allegations are insufficient to state a claim upon which relief may be granted.

The United States Court of Appeals for the Third Circuit has noted that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours."[27] In its Complaint, the Government alleges that "each employee named in Schedule A attached to [the Amended] Complaint has worked at least one week during which he or she worked more than forty hours total per week at the Valley Hotel and was not paid an overtime premium pursuant to [29 U.S.C. § 207] for such hours worked in excess of forty."[28] Although this allegation is perhaps less-than-scrupulously detailed, the Third Circuit has noted that a plaintiff need not "identify the exact dates and times that she worked

---

[27] *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (citing *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013)).

[28] ECF No. 11 ¶ VIII.

overtime"[29] in order to survive a motion to dismiss. The Government, then, has adequately pled its FLSA overtime claims.

The Third Circuit has not directly addressed the pleading sufficiency standard for FLSA minimum wage claims, but it stands to reason that it would mirror that required for FLSA overtime claims—*i.e.*, that a plaintiff must allege that she was compensated below the federal minimum wage for some of his or her work. Here, the Government has alleged that Defendants have "employ[ed] certain of their employees . . . without compensating said employees . . . at rates not less than $7.25 per hour" (the federal minimum wage).[30] Again, while perhaps bordering on bare-bones, it appears that this factual allegation is sufficient at the motion-to-dismiss stage.[31]

The Government, then, has adequately pled its overtime and minimum wage claims.

---

[29] *Davis*, 765 F.3d at 243 ("[A] plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice.")

[30] ECF No. 11 ¶ VII.

[31] This is especially true, as the Government points out, in a case like this where the Government alleges a failure to maintain proper employment records. ECF No. 11 ¶ X. Without the benefit of such records, it may be difficult to allege with more specificity, pending discovery.

## III. CONCLUSION

For the reasons discussed *supra*, all of the Government's FLSA overtime and minimum wage claims arising before January 19, 2014, that are *not* specifically identified in the November 6, 2013 Back Wage Compliance and Payment Agreement are dismissed as untimely. All of the Government's other claims, however, survive.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge