# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, UNITED STATES SECRETARY OF LABOR, <br><br> Plaintiff. <br><br> v. <br><br> VALLEY HOTEL, et al., <br><br> Defendants. | No. 4:17-CV-00113 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

### JULY 5, 2018

The Government initiated this action on January 19, 2017,[1] and filed its First Amended Complaint on June 29, 2017.[2] Defendants filed a motion to dismiss that complaint,[3] which this Court denied in part and granted in part on December 11, 2017.[4] On January 19, 2018, the Government filed the instant Motion for Leave to File a Second Amended Complaint,[5] which Defendants oppose.

The Government's suit, brought under the Fair Labor Standards Act ("FLSA"), revolves around Defendants' alleged failure to pay minimum wage and to pay time-and-a-half for overtime. Its proposed Second Amended Complaint (1)

---

[1] ECF No. 1.

[2] ECF No. 11.

[3] ECF Nos. 13, 14.

[4] ECF Nos. 22, 23.

[5] ECF No. 25.

adds a corporate defendant and (2) adds a request for monetary damages for Defendants' alleged minimum wage violations.

Under Federal Rule of Civil Procedure 15(a), this Court "should freely give leave" to amend a complaint "when justice so desires." Leave to amend may be denied when plaintiff has engaged in undue delay or bad faith, or when amendment would be futile or would prejudice the defendant.[6]

Defendants here argue that the Government's attempt to add a corporate defendant was the result of undue delay or bad faith, since the Government had reason to know of the existence of this defendant before the lawsuit was ever filed. The Government, on the other hand, insists that it was not aware of this corporate defendant's existence until receiving discovery from Defendants on December 20, 2017. The Government's failure to name the additional corporate defendant appears, at most, to be the result of a negligent investigation. There is no evidence from which this Court can find that such failure was deliberate or calculated, or was unnecessarily delayed.

Defendants also argue that the Government's attempt to add a claim for monetary damages was similarly the result of undue delay or bad faith. They note that the Government's initial complaint contained such a request, but that the request was eliminated in the Government's First Amended Complaint. Again,

---

[6] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (emphasis added).

while this behavior perhaps indicates, at worse, carelessness or indecisiveness, there is no basis from which this Court can infer an insidious motive.

Defendants next argue that amendment will prejudice them, and point to the time and cost already expended on this litigation. Defendants, however, make no claim that amendment will "impair[] [their] ability to defend against the suit" or that the delay "disadvantaged or deprived [them] of the opportunity to present facts or evidence" at trial.[7] Indeed, they could not, since from the very first complaint, Defendants have been on notice that the Government was seeking to hold the owner of the Valley Hotel liable for minimum wage violations.

Finally, Defendants argue that amendment will be futile, since the claims asserted against the corporate defendant may be barred by the statute of limitations. This Court, however, believes this argument is more appropriately dealt with via a motion to dismiss or a motion for summary judgment.

For these reasons, the Government's motion will be granted. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[7] *Id.* at 206.