## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,** <br>                **Plaintiff** <br><br> **v.** <br><br> **VALLEY HOTEL, INC. DBA VALLEY HOTEL AND THOMAS E. SMITH,** <br>             **Defendants** | **Case No.: 4:17-cv-0113** <br><br> **Electronically Filed** |

---

### DEFENDANTS' BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF, UNITED STATES DEPARTMENT OF LABOR

---

**ROBERT ENGLERT, ESQUIRE**
**ANDREW F. PARKER, ESQUIRE**
Attorney I.D. Nos.: 203544/316382
105 Rutgers Avenue #249
Swarthmore, Pennsylvania 19081
Phone:  888.973.3529
Fax:      888.251.2657
*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................. iii

I.    INTRODUCTION ..................................................................1

II.   COUNTER STATEMENT OF THE QUESTIONS INVOLVED

III.  ARGUMENT.........................................................................2

      A. Standard Of Review ...............................................................4

      B. Defendants Were Not Employers Under The Act With Respect To
         Valley Hotel, Inc. ...............................................................5

      C. Defendants Complied with the FLSA Overtime Requirement ............8

      D. Defendants Complied with the FLSA Recordkeeping
         Requirement.....................................................................11

      E. Spoliation Sanctions Are Unwarranted.................................16

      F. Defendants Did Not Commit Willful Violations...................18

      G. Defendants Are Not Liable for Liquidated Damages .....................20

      H. Defendants Conduct Was Proper Such That Injunctive Relief Is
         Unwarranted .....................................................................21

IV.   CONCLUSION AND REQUEST FOR RELIEF...................................22

CERTIFICATE OF COMPLIANCE WITH L.R. 7.8 .......................................23

CERTIFICATE OF SERVICE ........................................................24

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ...............................4

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946) .......... 2, 12, 21

*Bala Corporation v. McGlinn*, 144 A. 823, 824 (Pa. 1929) ......................................7

*Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972) ........... 2, 3, 22

*Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002) ...........................5

*Marshall v. Brunner*, 668 F.2d 748, 753 (3d Circ. 1982).......................................20

*Martin v. Funtime*, 963 F.2d 110, 114 (6th Cir. 1992) ............................................21

*Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1292 (3d Circ. 1991)........................18

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)..........................................................................................................19

*Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999)....................2, 21

*Pignataro v. Port Auth. of New York & New Jersey*, 593 F.3d 265, 273 (3d Cir. 2010) ....................................................................................................................18

*Prowel v. Wise Bus. Forms*, 579 F.3d 285, 286 (3d Cir. 2009)................................4

*R. Alexander Acosta, Sec'y of Labor, United States Dep't of Labor, v. Heart II Heart, LLC*, 2:17-CV-1242, 2019 WL 5197329 (W.D. Pa. Oct. 15, 2019).. 18, 19

*Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)...........................5

*Reich v. Petroleum Sales*, 30 F.3d 654, 657 (6th Cir. 1994) ..................................21

*Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc. Emp. Health & Welfare Plan*, 298 F.3d 191, 194 (3d Cir. 2002) .................................................................................4

*Stone v. Troy Construction, LLC*, 935 F.3d 141 (3d Cir. 2019)…………………..18

*Souryavong v. Lackawanna Cty.*, 872 F.3d 122, 126 (3d Cir. 2017) ......................18

*Williams v. Tri–County Growers, Inc.,* 747 F.2d 121, 128 (3d Cir.1984).... 3, 12, 22

**Statutes**

29 U.S.C. § 201 ................................................................................................1

29 U.S.C. § 211(c) ............................................................... 11, 13, 16, 17

**Rules**

29 C.F.R. 516.2 ...............................................................................................12

29 C.F.R. 516.5 ...............................................................................................12

Fed. R. Civ. P. 56(c)..........................................................................................4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,**<br>                    **Plaintiff** | **Case No.: 4:17-cv-0113** |
| **v.** | **Electronically Filed** |
| **VALLEY HOTEL, INC. DBA VALLEY HOTEL AND THOMAS E. SMITH,**<br>                    **Defendants** | |

## DEFENDANTS' BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF, UNITED STATES DEPARTMENT OF LABOR

Defendants, Valley Hotel, Inc. dba Valley Hotel and Thomas E. Smith ("Valley Hotel") by and through the undersigned counsel, respectfully submit to this Honorable Court, Defendants' Brief In Opposition To Motion For Summary Judgment of Plaintiff, United States Department of Labor ("Plaintiff's Motion").

### I.   INTRODUCTION

Plaintiff, Secretary of Labor, United States Department of Labor ("USDOL"), has alleged violations of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) (the "FLSA"), and demanded judgment against Defendants for unpaid back wages. Thomas E. Smith ("Mr. Smith") owns and operates the Valley Hotel, a restaurant, bar, and lodging facility with a single location in Mill Hall, Pennsylvania. At all

times relevant hereto, Valley Hotel only provided services from within the Commonwealth of Pennsylvania to individuals located within the Commonwealth of Pennsylvania.

On November 7, 2013, Mr. Smith met with Investigator Thomas Mira without legal counsel present and absent any suggestion that he was allowed to have legal counsel present. Under the threat of legal action, Mr. Smith was directed to sign the Back Wage Compliance and Payment Agreement ("BWCPA"), which provided that Valley Hotel would owe $30,916.86 to various employees for alleged back due wages and unpaid overtime wages. *See* Back Wage Compliance and Payment Agreement, attached to Plaintiff's Complaint as Exhibit A. Soon after this agreement was foisted upon Mr. Smith, he sought the advice of legal counsel, which resulted in the Agreement being repudiated by email on November 12, 2013. *See* Electronic Mail of Robert Englert, Esq., dated November 12, 2013, attached hereto as Exhibit A.

Case law makes unequivocally clear that a plaintiff seeking damages for a purported FLSA violation – regardless of any burden shifting – must still offer some evidence to permit a court to make at the very least, a "fair and reasonable" inference that the employee performed work for which he or she received improper compensation. *See Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), superseded by statute on other grounds as stated in *Carter v. Panama Canal Co.*,

463 F.2d 1289, 1293 (D.C. Cir. 1972))*; Williams v. Tri–County Growers, Inc.,* 747 F.2d 121, 128 (3d Cir.1984). Here, Plaintiff has not presented any testimony, signed affidavits, or even any specific allegations of underpayment during any specific work week from any employee. Indeed, more than two and a half years since Plaintiff filed his Complaint, and more than six years since Plaintiff's Investigator opened in his investigation, there is <u>no testimony or evidence from any employee or former employee</u> claiming he or she was underpaid.

## II.   <u>COUNTERSTATEMENT OF THE QUESTIONS INVOLVED</u>

1. Were Defendants employers under the Act with respect to Valley Hotel, Inc., a distinct legal entity?

   SUGGESTED ANSWER:      NO.

2. Did Defendants comply with FLSA overtime provisions?

   SUGGESTED ANSWER:      YES.

3. Did Defendants comply with FLSA recordkeeping provisions by maintain extensive payroll records through a third-party payroll vendor?

   SUGGESTED ANSWER:      YES.

4. Whether spoliation sanctions against Defendants are appropriate?

   SUGGESTED ANSWER:      NO.

5. Was any failure by Defendants to comply with the FLSA incidental and not willful?

   SUGGESTED ANSWER:      YES.

6.  Should liquidated damages be awarded?

SUGGESTED ANSWER:        NO.

7.  Should injunctive relief be granted?

SUGGESTED ANSWER:        NO.

## III.   **ARGUMENT**

### A. **Standard of Review**

Summary judgment is only properly granted where if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc. Emp. Health & Welfare Plan*, 298 F.3d 191, 194 (3d Cir. 2002); *see also* Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be *no genuine issue of material fact*." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis added). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Id.* A "material" factual dispute is one which might affect the outcome of the case under governing law. *Id*. In reviewing the record, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms*, 579 F.3d 285, 286 (3d Cir. 2009). The court may not, however, make

credibility determinations or weigh the evidence in considering a motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

### B. <u>Defendants Were Not Employers Under The Act With Respect To Valley Hotel, Inc. Employees</u>

Plaintiff is improperly attempting to bootstrap Mr. Smith's designation as an FLSA employer with respect to TES, Ltd. to hold him personally liable under the BWCPA for Valley Hotel, Inc. In attempting to do so, Plaintiff has, at least implicitly, acknowledged that the BWCPA drafted by Plaintiff's investigator is defective. While it is true that TES, Ltd. was and is an employer under the Act and that Thomas E. Smith was and is individually liable as an employer under the Act with respect to TES, Ltd. employees, the same cannot be said for Valley Hotel, Inc. employees.

As of the beginning of the "relevant time period" set forth in Plaintiff's Second Amended Complaint, August 28, 2011, it had been more than eight (8) months since Valley Hotel, Inc. – a distinct corporate entity existing since its creation on or about June 8, 1998 – had any involvement with the Valley Hotel establishment. Indeed, on or about December 6, 2010 the real estate and building upon which the Valley Hotel establishment is located was sold by the owners of Valley Hotel, Inc. to TES, Ltd./Thomas E. Smith. *See* Declaration of Ownership Affidavit, attached hereto as Exhibit C. Thomas E. Smith has never exerted any

control whatsoever over the employees of Valley Hotel, Inc. as Valley Hotel, Inc. had not employed anyone at the Valley Hotel establish since December 2010. *Id.*

Plaintiff's argument that Mr. Smith "…held himself out as the owner of Valley Hotel, Inc. when he signed the BWCPA and WH-56…" is an inaccurate statement that Plaintiff relies upon in attempting to individually bind Mr. Smith to the BWCPA, despite the clear language of the agreement. Mr. Smith is a non-lawyer who was unfamiliar with the differences between "Valley Hotel, Inc." – an independent business entity, and "Valley Hotel" – the name under which his business entity (TES, Ltd.) did business under. Mr. Smith was never informed during the investigation or meetings with Mr. Mira that he was entitled to consult with counsel or have counsel present, and relied upon the federal government's investigator to have correctly drafted his own agreement that was then present to Mr. Smith for his signature. Indeed, Mr. Smith's deposition testimony makes clear that Mr. Smith was simply doing what he was told to do by Mr. Mira with respect to where and what to sign and further indicates Mr. Smith's understanding as to what "owner" meant on the signature line of the Back Wage Compliance Agreement – that he was the owner of "this business," referring to "TES, Ltd., d/b/a Valley Hotel." Plaintiff's Exhibit B [Doc. 54-4], Smith Dep. pp. 104-105. Mr. Smith cannot be bound individually to or found personally liable the BWCPA as he is not an employer with respect to Valley Hotel, Inc. – the entity clearly and plainly stated as the entity bound by the BWCPA:

This agreement is entered into November 06, 2013 by and between the Secretary of Labor, United States Department of Labor, (hereinafter referred to as "the Secretary"),  and Valley Hotel, Inc. dba Valley Hotel (hereinafter referred to as "the employer").

and

Approved by the following parties

**Valley Hotel, Inc.**        **UNITED STATES DEPARTMENT OF LABOR**
**BY ITS OFFICER**           **WAGE AND HOUR DIVISION**

*See* Back Wage Compliance and Payment Agreement, attached hereto as Exhibit D. It is well-established and beyond dispute under Pennsylvania law that "one who deals with a corporation, knowing it to be such, cannot enforce an individual liability against the officers or agents who act for the corporation." *Bala Corporation v. McGlinn*, 144 A. 823, 824 (Pa. 1929). "Whenever a corporation makes a contract, it is the contract of the legal entity of the artificial being created by the [corporate] charter, and not the contract of the individual members." *Id.* The BWCPA only purports to bind Valley Hotel, Inc. Mr. Smith, individually, did not agree to be personally liable or sign in his individual capacity. Mr. Smith cannot be bound personally liable to the agreement by the mere presence of his signature, as the agreement clearly states that he was directed to sign only as an officer of Valley Hotel, Inc., which he was not then and has never been, and not as an officer and individually. *Id.;* Declaration of Ownership Affidavit, attached hereto as Exhibit C. Accordingly, Mr. Smith's signature on the BWCPA, even if it was an

enforceable document, cannot be used to bootstrap the claims set forth within it to TES, Ltd. or to Mr. Smith, personally.

## C. **Defendants Complied with the FLSA Overtime Requirement**

Defendants did not violate the FLSA overtime premium requirement for hours worked in excess of forty (40) in a workweek. The payroll records selectively attached by Plaintiff as Exhibit R are a fraction of TES, Ltd.'s payroll records for a period of nine (9) years. These records, which are exceptions rather than the norm, only establish that time was called in for more than forty (40) total hours <u>not</u> that these employees actually worked more than forty (40) hours. To date, Plaintiff has not offered any testimony, affidavits, or even a single unsworn statement from any current of former employee claiming that he/she was underpaid. Indeed, one of the records purports that an employee was paid for sixty nine (69) hours, however, the following page reveals that the employee reported the overpayment and thirty nine and one-half (39.5) hours were removed from her payroll. *See* Plaintiff's Exhibit R [Doc. 54-20] at pp. 34-35. Similarly, at least one payroll entry is for "43.<u>45</u>" hours, despite the fact that employees hours are not logged in hundredths;

| EMPLOYEE NAME<br>M/S  ST M/S | EMP.NO.<br>RATE | REGULAR<br>HOURS<br>REGULAR<br>WAGES | O/TIME<br>HOURS<br>O/TIME<br>WAGES | F & B<br>SALES $<br>F & B%<br>X 8% | CREDIT<br>CD TIPS<br>CASH<br>TIPS | BANQUET<br>TIPS<br>ALLOCAT<br>TIPS | MINIMUM<br>TIPS<br>MAKE-UP<br>TIPS | OTHER<br>HOURS<br>OTHER<br>WAGES | MEALS<br>WAGES<br>UNIFORM<br>WAGES | FICA<br>TAX<br>MEDFICA<br>TAX | FED WTH<br>TAX<br>STATE<br>TAX | LOCAL<br>TAX<br>LS<br>TAX | UNEMPL<br>TAX<br>ADVANCE<br>DEDUCT | MISC<br>DEDUCT<br>EMPLOYR<br>HEALTH | GROSS<br>PAY<br>N E T<br>PAY | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MARSHALL, ARLEEN W<br>ALLOC DEPT #0100<br>S 0   S 0 | 0009<br>6.2500 | 43.45<br>309.06 | | | 33.45 | | 5.95 | | | 21.23<br>4.97 | 36.45<br>PA<br>10.52 | 5.14 | PA<br>0.24 | | 309.06<br>230.51 | |

Plaintiff's Exhibit R [Doc. 52-20] at pp.13. The number of hours listed that week (43.45) corresponds to the amount of tips the employee reported that same week ($33.45), suggesting that this was a transcription error.

Contrary to Plaintiff's claim that "timesheets show that employees frequently worked more than 40 hours in a workweek," Plaintiff's Exhibit S reveals only one (1) instance where an employee worked more than forty (40) hours. *Compare* Statement of Facts [Doc. 54] at No. 30 with Plaintiff's Exhibit S [Doc. 54-21] at p. 16. That employee's timesheet confirms that the additional hours were paid at an overtime rate. Plaintiff has failed to provide this Court with the corresponding payroll record confirming the employee was actually paid overtime. *See* Keystone Payroll Record attached hereto as Exhibit B. Moreover, five (5) of the forty-one (41) pages that comprise Plaintiff's Exhibit S [Doc. 54-21] are also duplicates. Compare *id.* pp. 16-20 with pp. 3, 7-8.

As stated more fully throughout the instant brief, it is Plaintiff's burden to come forward with evidence from an employee indicating that he/she actually worked overtime, for which he/she was not paid, which Plaintiff has not done. Mr. Smith testified that at least with respect to one record where payroll records showed an employee as having worked forty-four (44) hours in a workweek, he did not know if thirty-four (34) hours should have been called in and the employee kept the extra hours. *See* Plaintiff's Exhibit B [Doc. 54-4], Smith Dep. pp. 155. In the light most favorable to Defendants, particularly in light of the obvious errors

addressed above, the payroll records equally establish that various employees were paid for more time than they actually worked in the identified weeks.

Most importantly, for the issue that is the subject of Plaintiff's motion, nearly all of the selectively chosen records are irrelevant as they concern workweeks that are barred by the statute of limitations both before during and after the period covered by the unenforceable BWCPA[1] and/or are for employees not referenced in Plaintiff's Second Amended Complaint. This Court's Order [Doc. 23] and Opinion [Doc. 22] of December 11, 2017 limited Plaintiff's overtime claims arising before January 14, 2014 to those mentioned in the BWCPA. This Court also found that Plaintiff adequately pled FLSA overtime claims by alleging that "each employee named in Schedule A…has worked at least one week during which he or she worked more than forty hours total per week at the Valley Hotel and was not paid an overtime premium…for such hours worked in excess of forty." [Doc. 22 at p. 7] [Doc. 11 at VIII]. Accordingly, any claim on behalf of an employee *not* identified in Plaintiff's Second Amended Complaint and alleged to have "worked at least one week during which he or she worked more than forty hours total per week at the Valley Hotel and was not paid an overtime premium…for such hours worked in excess of forty" must be dismissed.

---

[1] Defendants' position as to the unenforceability is set forth more fully in Defendants' pending Motion for Summary Judgment [Doc. 49], which is incorporated by reference as though set forth fully herein.

Concerning the period and employees covered by the BWCPA, even if the records could be interpreted at summary judgment in the manner Plaintiff requests, which they cannot, the total amount that would actually be at issue is only $160.30, not the more than $50,000.00 that the Plaintiff's "formula" claimed was due. This discrepancy further illustrates the unenforceability of the BWCPA for lack of consideration in that the agreement proposed that over $30,000.00 had to be paid for claims that would amount to only $160.30.

Without the BWCPA, the only amount at issue based on the employees identified in Plaintiff's Second Amended Complaint, Schedule A whose claims would not be barred by the statute of limitations would only be $7.26[2]. Plaintiff should not be wasting the taxpayers' funds and this Court's time over such a de minimis amount without an independent claim from an employee that he/she was underpaid.

### D. Defendants Complied with the FLSA Recordkeeping Requirement

The FLSA requires every employer to preserve for three (3) years records of the "wages, hours, and other conditions and practices" of its employees. 29 U.S.C. § 211(c). Regulations advanced pursuant to Section 11(c) of the FLSA require

---

[2] The employees who would be "over" $7.26 if the payroll records were interpreted in the manner Plaintiff suggests are Desiree Melizia and Curtis Killinger, both of whom continue to work for TES, Ltd. If these employees are called to testify at trial, both will testify that they have not been underpaid for any overtime they actually worked for TES, Ltd. *See e.g.* Curtis Killinger Statement, attached hereto as Exhibit H.

employers to keep, *inter alia,* payroll records of the following: 1) hours worked per day; 2) total hours worked per week; 3) total daily or weekly straight-time earnings; and 4) total premium pay for overtime hours. *See* 29 C.F.R. 516.5; 29 C.F.R. 516.2; *see also Williams v. Tri–County Growers, Inc.,* 747 F.2d 121, 127 (3d Cir.1984).

There is no *per se* liability that arises from an employer's failure to maintain its section 11(c) payroll records, though the Supreme Court has stated that such a failure necessitates applying a burden shifting analysis. *Mt. Clemens,* 328 U.S. 680 at 687, 66 S.Ct. 1187, 90 L.Ed. 1515. When an employer cannot come forward with payroll records that are adequate to satisfy section 11(c), an employee satisfies the burden of proof if he or she produces enough evidence to permit a court to make a "fair and reasonable" inference that the employee performed work for which he or she received improper compensation. *Id.; Tri–County Growers,* 747 F.2d at 128 ("The employee need only introduce enough evidence to support a reasonable inference of hours worked.").

In the matter at hand, Defendants properly maintained the required payroll records, by and through its third party payroll administrator, Keystone Payroll. To date, Defendants have provided Plaintiff with more than one hundred and twenty eight (128) weeks of handwritten timesheets, more than four thousand three hundred (4,300) pages of payroll records, and have made records from additional years available to Plaintiff, which records satisfy Defendants' burden under 29

U.S.C. § 211(c). Plaintiff refused Defendants offer to inspect these records during the discovery period. The Keystone Payroll records provide a week-by-week break down of each employee's hourly pay rate, hours worked each week, tips, any overtime paid for the week, and a total amount paid by Defendant TES, Ltd. to each employee for each week. Payroll is called in to Keystone Payroll from timesheets maintained at the establishment. By way of example, the time sheet below covers the work week ending on August 4, 2012:



VH010

*See* Payroll Timesheet For Week Ending August 4, 2012, a copy of which is attached hereto as Exhibit E.  The employee identified as "Dez" on this timesheet is Desiree Malizia.  By way of example, Ms. Malizia's related records provided by TES, Ltd. from Keystone Payroll establish that she worked and was paid for 9.25 hours of work:

| Process Date - NOV 12,2013 — From - To Check History Report — Page - 45 | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MALIZIA, DESIREE D    0007 **REDACTED** | REGULAR HOURS / REGULAR WAGES | CREDIT CD TIPS / CASH TIPS | MINIMUM TIPS / MAKE-UP TIPS | FICA TAX / MEDFICA TAX | FED WTH TAX / STATE TAX | LOCAL TAX / LS TAX | UNEMPL TAX / ADVANCE DEDUCT | MISC DEDUCT / EMPLOYR HEALTH | GROSS PAY / NET PAY | CHECK # / TRANS ACTIONS |
| WEEK 24 - PROC 024 / Check Date - JUN 15,2012 / Period End - JUN 10,2012 | 17.00 / 106.25 | 17.00 | 17.00 | 5.17 / 1.78 | 0.88 / PA 3.78 | 1.85 | PA 0.10 | | 106.25 / 92.69 | 00100588 |
| WEEK 25 - PROC 025 / Check Date - JUN 22,2012 / Period End - JUN 17,2012 | 16.00 / 100.00 | 16.00 | 16.00 | 4.87 / 1.69 | 0.16 / PA 3.56 | 1.74 | PA 0.09 | | 100.00 / 87.89 | 00100595 |
| WEEK 26 - PROC 026 / Check Date - JUN 29,2012 / Period End - JUN 24,2012 | 6.75 / 42.19 | 6.75 | 6.75 | 2.06 / 0.71 | PA 1.50 | 0.73 | PA 0.04 | | 42.19 / 37.15 | 00100603 |
| WEEK 27 - PROC 027 / Check Date - JUL  9,2012 / Period End - JUL  1,2012 | 17.75 / 110.94 | 17.75 | 17.75 | 5.41 / 1.86 | 1.43 / PA 3.95 | 1.93 | PA 0.11 | | 110.94 / 96.25 | 00100611 |
| WEEK 28 - PROC 028 / Check Date - JUL 13,2012 / Period End - JUL  8,2012 | 4.50 / 28.13 | 4.50 | 4.50 | 1.37 / 0.47 | PA 1.00 | 0.49 | PA 0.02 | | 28.13 / 24.78 | 00100618 |
| WEEK 29 - PROC 029 / Check Date - JUL 20,2012 / Period End - JUL 15,2012 | 19.00 / 118.75 | 19.00 | 19.00 | 5.78 / 2.00 | 2.33 / PA 4.23 | 2.07 | PA 0.11 | | 118.75 / 102.23 | 00100625 |
| WEEK 30 - PROC 030 / Check Date - JUL 27,2012 / Period End - JUL 22,2012 | 20.50 / 128.13 | 20.50 | 20.50 | 6.24 / 2.16 | 3.42 / PA 4.56 | 2.23 | PA 0.12 | | 128.13 / 109.40 | 00100631 |
| WEEK 31 - PROC 031 / Check Date - AUG  3,2012 / Period End - AUG 29,2012 | 15.50 / 96.88 | - | | 4.07 / 1.40 | PA 2.97 | 1.45 | PA 0.08 | | 96.88 / 86.91 | 00100637 |
| WEEK 32 - PROC 032 / Check Date - AUG 10,2012 / Period End - AUG  5,2012 | 9.25 / 57.81 | 9.25 | 9.25 | 2.82 / 0.97 | PA 2.06 | 1.01 | PA 0.05 | | 57.81 / 50.90 | 00100644 |
| WEEK 33 - PROC 033 / Check Date - AUG 17,2012 / Period End - AUG 12,2012 | 16.25 / 101.56 | 16.25 | 16.25 | 4.95 / 1.71 | 0.34 / PA 3.62 | 1.77 | PA 0.10 | | 101.56 / 89.07 | 00100652 |
| WEEK 34 - PROC 034 / Check Date - AUG 24,2012 / Period End - AUG 19,2012 | 10.50 / 65.63 | 10.50 | 10.50 | 3.19 / 1.11 | PA 2.34 | 1.14 | PA 0.06 | | 65.63 / 57.79 | 00100660 |
| WEEK 35 - PROC 035 / Check Date - AUG 31,2012 / Period End - AUG 26,2012 | 10.75 / 67.19 | 10.75 | 10.75 | 3.28 / 1.13 | PA 2.39 | 1.17 | PA 0.06 | | 67.19 / 59.16 | 00100668 |
| WEEK 36 - PROC 036 / Check Date - SEP  7,2012 / Period End - SEP  2,2012 | 19.25 / 120.31 | 19.25 | 19.25 | 5.86 / 2.02 | 2.51 / PA 4.28 | 2.09 | PA 0.11 | | 120.31 / 103.44 | 00100676 |
| WEEK 37 - PROC 037 / Check Date - SEP 14,2012 / Period End - SEP  9,2012 | 12.25 / 76.56 | 12.25 | 12.25 | 3.73 / 1.29 | PA 2.73 | 1.33 | PA 0.07 | | 76.56 / 67.41 | 00100684 |

4008 - TES LTD                                                                 PROC - 045

*See* Keystone Payroll Check History Report, a copy of which is attached hereto as Exhibit F.[3]  Even if Court holds that Defendants' extensive payroll records are

---

[3] Due to the voluminous nature of the payroll records provided to Plaintiff in this case and the confidential information that would have to be redacted from the same, Defendant TES, Ltd. is attaching these documents as Exhibits E and F as

inadequate to satisfy its section 11(c) obligation, which it should not, Defendants are only required to maintain such records for a period of three years. As Plaintiff's Complaint was initially filed on January 19, 2017, any burden shifting to Defendants should apply only to violations alleged to have occurred **later than** January 14, 2014 – which period does not include **<u>any</u>** of the violations alleged in the Back Wage Compliance Agreement Summary of Unpaid Wages. Accordingly, with respect to all violations alleged in the BWCPA, and any other alleged violation which occurred before January 14, 2014, the burden of production remains on the plaintiff to present some evidence of a violation. Indeed, even if the burden was shifted to the employer, which it should not be, Plaintiff must first present evidence to permit a court to make a "fair and reasonable" inference that the employee performed work for which he or she received improper compensation. To date, Plaintiff has not presented any testimony, signed affidavits, or even any specific allegations of underpayment during any specific work week <u>from any employee</u>. There is no testimony or evidence <u>from any current employee or former employee</u> claiming he or she was underpaid. Accordingly, since Plaintiff cannot meet the threshold burden of producing evidence from an employee that he/she <u>actually worked</u> overtime for which he/she was underpaid, Plaintiff's

---

exemplars.  In total, Defendant TES, Ltd. has provided Plaintiff with more than four thousand five hundred (4500) pages of payroll records and timesheets for the time period at issue and through the present.

Motion should be dismissed and Defendants' Motion for Summary Judgment on this issue should be granted.

### E. <u>Spoliation Sanctions Are Not Warranted Or Appropriate</u>

The FLSA only requires an employer to preserve for three (3) years records of the "wages, hours, and other conditions and practices" of its employees. 29 U.S.C. § 211(c). The latest date for claims included in the BWCPA August 31, 2013. Accordingly, the mandatory three (3) year record keeping requirement had already lapsed when Plaintiff first filed his Complaint [Doc. 1] on January 19, 2017.

Plaintiff's argument that Defendants knew, or should have known, that litigation was pending or reasonably foreseeable lacks evidentiary support and defies common sense. The terms of the BWCPA required payment to be made by December 13, 2013, which payment was not made, and the Agreement was repudiated by email on November 12, 2013. *See* Electronic Mail of Robert Englert, Esq., dated November 12, 2013, attached hereto as Exhibit A. Following receipt of that letter repudiating the BWCPA, and despite having direct knowledge that Defendants were not going to comply with the invalid and unenforceable BWCPA, Plaintiff waited more than **three (3) years and two (2) months** to actually file his Complaint. Plaintiff cannot sit idle for more than three (3) years before filing suit and then complain that records are no longer available – especially when Defendants were not required to maintain those records. Additionally, Defendants

16

have provided Plaintiff with more than one hundred and twenty eight (128) weeks of handwritten timesheets, more than four thousand three hundred (4,300) pages of payroll records, and have made records from additional years available to Plaintiff, which records satisfy Defendants' burden under 29 U.S.C. § 211(c). Plaintiff refused Defendants offer to inspect these records during the discovery period. Plaintiff cannot claim that records have been destroyed or do not exist simply because it chose not to inspect them when invited to do so in accordance with the applicable rules. *See* Letter of Andrew F. Parker, Esquire dated August 16, 2019, a copy of which is attached as Exhibit G.

Finally, concerning video recordings, the FLSA does not require video evidence to be preserved for any time period. Beyond that, as of January 1, 2017, when Plaintiff filed his Complaint, none of the then existing[4] video recordings would have shown any activity related to any of the claims at issue in this case. Requiring Defendants to maintain daily video recordings would impose an unreasonable and undue burden and expense on them due to the time required to save the recordings, as well as the cost to maintain an estimated one (1) terabyte of data for every fourteen (14) days of video. Finally, any alleged failure of Defendants to maintain video recordings for the incredibly broad time period

---

[4] The video recording system in use at the Valley Hotel establishment stores video recordings on a rolling two-week basis, constantly overwriting the oldest recording.

requested by Plaintiff is not harmful to Plaintiff as none of the activity in those videos are related in any way to the claims in this case.

### F. **Defendant Did Not Commit Willful Violations**

In support of its argument that Defendants' alleged violations were willful, Plaintiff cites a number of non-controlling cases from other circuits, while ignoring controlling cases that establish the alleged violations were ***not*** willful.

Third Circuit cases have differed on whether willfulness is a question of law or fact. Compare *Stone v. Troy Construction, LLC*, 935 F.3d 141 (3d Cir. 2019) (willfulness is a question of fact), and *Souryavong v. Lackawanna Cty.*, 872 F.3d 122, 126 (3d Cir. 2017) (willfulness is a question of fact, but may be a matter of law if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party) with *Pignataro v. Port Auth. of New York & New Jersey*, 593 F.3d 265, 273 (3d Cir. 2010)(willfulness is a question of fact) and *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1292 (3d Circ. 1991)(willfulness is a question of law). "By moving for summary judgment on the issue of willfulness, the Secretary is asserting that no reasonable jury could conclude that Defendants had not acted willfully." *R. Alexander Acosta, Sec'y of Labor, United States Dep't of Labor, v. Heart II Heart, LLC*, 2:17-CV-1242, 2019 WL 5197329 (W.D. Pa. Oct. 15, 2019).

The Supreme Court defines "willfulness" to include situations when the employer, at the time of its FLSA violation, either "knew" its conduct was prohibited by the FLSA or "showed reckless disregard for the matter." *McLaughlin*

*v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Acting only "unreasonably" is insufficient—some degree of actual awareness is necessary. *Id.* at 135 n.13, 108 S.Ct. 1677.

Here, Defendants have disputed that any violations occurred; that there was any failure to maintain records; and that the BWCPA is invalid on multiple bases. Throughout this litigation Defendants have repeatedly requested that if Plaintiff was aware of any specific employee that claims he or she actually worked regular or overtime hours for which he or she had not been paid, that such employee be identified so that such claim(s) could be evaluated. No such employee was ever identified before filing of Plaintiff's Complaint, nor was any such employee or alleged unpaid hours identified in Plaintiff's Complaint. Indeed, to date, Plaintiff has not provided any statements, affidavits, or testimony from any current employee or former employee claiming that he/she was underpaid for time that was <u>actually worked</u>.

As there is no evidence to support Plaintiff's claims that Defendants "knew" or "showed reckless disregard" for alleged FLSA violations, it would be error for this Court to grant summary judgment on the issue of willfulness. Under *Acosta v. Heart II Heart*, such a ruling would require this Court to find that no reasonable jury could find that Defendants had not acted willfully, which is not supported by the evidence.

## G. **Defendants Are Not Liable for Liquidated Damages**

To establish good faith, the employer must prove "an honest intention to ascertain and follow the dictates of the Act." *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Circ. 1982). Mr. Smith believed in good faith that TES Ltd.'s policy of preparing a weekly work schedule, having employees complete a timesheet, instructing employees that they were not to work more than forty (40) hours, and maintain payroll records – through an independent third party – was in compliance with the FLSA. That no employee of TES, Ltd. has ever complained to him that they've been underpaid, only that they were overpaid, is further evidence that Mr. Smith had no reason to believe he was not in compliance. *See* Plaintiff's Exhibit B [Doc. 54-4], Smith Dep. pp. 154-155. Mr. Smith was aware that he had "pay minimum wage" and "keep track of your [TES, Ltd.'s] payroll records." *Id.* at pp. 84-85. In his deposition, Mr. Smith went on to state:

> If you're talking about timesheets, I did not never know you had to keep timesheets because I figured the hours are on the payroll and there's their hours they worked.

*Id.*

Accordingly, the record clearly establishes that Mr. Smith believed he was acting in good faith to comply with the FLSA such that summary judgment on this issue should be denied.

## H. Defendants' Conduct Does Not Warrant Injunctive Relief

Plaintiff's request for injunctive relief should be denied, both as being unwarranted, and as the decision to issue injunctive relief is not one that can be made on summary judgment. Each of the cases cited in Section H of Plaintiff's Brief [Doc. 57, p. 30] are opinions of a district or appeals court following a trial. Whether injunctive relief is appropriate at all is a question that arises after a finding of liability for an FLSA violation. Plaintiff seeks an injunction where Defendants' previous conduct and its current state of compliance are unknown to this court, which are factors the Court considers in deciding whether to issue an injunction. *See Reich v. Petroleum Sales*, 30 F.3d 654, 657 (6th Cir. 1994); *Martin v. Funtime*, 963 F.2d 110, 114 (6th Cir. 1992).

As stated throughout the instant brief, Plaintiff has not presented any testimony, signed affidavits, or even any specific allegations of underpayment during any specific work week <u>from any employee</u>. Even assuming arguendo that this Court shifts the burden of proof to TES, Ltd. based on insufficient records, which it should not do, Plaintiff must still offer some evidence to permit the court to make at the very least, a "fair and reasonable" inference that the employee performed work for which he or she received improper compensation, which it has not, and cannot do. *See Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), superseded by statute on other grounds as stated in *Carter v. Panama Canal Co.*,

463 F.2d 1289, 1293 (D.C. Cir. 1972))*; Williams v. Tri–County Growers, Inc.,* 747 F.2d 121, 128 (3d Cir.1984). To the contrary, TES, Ltd. will present testimony from at least Curtis Killinger, Erin Van Gorder and other employees currently working at the Valley Hotel – whom Plaintiff has claimed were underpaid - that they were paid the appropriate wages for the amount of time they actually worked.

## IV.    CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth more fully above, Defendants respectfully suggest that Plaintiff's Motion For Summary Judgment should be denied.

Respectfully Submitted,

RFE LAW FIRM, LLC

Date:  10.21.2019          By: _____

**ROBERT ENGLERT, ESQUIRE**
**ANDREW F. PARKER, ESQUIRE**
Attorney I.D. Nos.: 203544/316382
105 Rutgers Avenue #249
Swarthmore, Pennsylvania 19081
Phone:  888.973.3529
Fax:     888.251.2657
*Attorneys for Defendants*

## **CERTIFICATE OF COMPLIANCE**

I, Andrew F. Parker, Esquire hereby certify pursuant to L.R. 7.8 for the

Middle District of Pennsylvania that Defendants' Brief In Opposition To Motion

For Summary Judgment of Plaintiff, United States Department of Labor complies

with the word-count limit. Certification is reliant on the word count of a word-

processing system used to prepare the Brief. Defendants' Motion to Dismiss

contains 4,786 words.

RFE LAW FIRM, LLC

Date:  10.21.2019          By: _____

**ROBERT ENGLERT, ESQUIRE**
**ANDREW F. PARKER, ESQUIRE**
Attorney I.D. Nos.: 203544/316382
105 Rutgers Avenue #249
Swarthmore, Pennsylvania 19081
Phone:  888.973.3529
Fax:      888.251.2657
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, Andrew F. Parker, Esquire hereby certify that I caused a true and correct copy of the foregoing Defendants' Brief In Opposition To Motion For Summary Judgment of Plaintiff, United States Department of Labor to be served upon the following by electronic service, electronic mail, or as otherwise indicated below:

**VIA ECF SERVICE**
Ryan Kooi, Esquire
U.S. Department of Labor, Office of the Solicitor
The Curtis Center, STE 630E
170 S. Independence Mall W
Philadelphia, Pennsylvania 19106-9959
*Attorney for Plaintiff*

REE LAW FIRM, LLC

Date:  10.21.2019              By: _____

**ROBERT ENGLERT, ESQUIRE**
**ANDREW F. PARKER, ESQUIRE**
Attorney I.D. Nos.: 203544/316382
105 Rutgers Avenue #249
Swarthmore, Pennsylvania 19081
Phone:  888.973.3529
Fax:     888.251.2657
*Attorneys for Defendants*