# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | No. 4:17-CV-00113 |
| | (Judge Brann) |
| Plaintiff, | |
| v. | |
| VALLEY HOTEL, INC., d/b/a Valley Hotel, THOMAS E. SMITH, T.E.S. LTD., d/b/a Valley Hotel, | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 17, 2020

The United States Department of Labor (the "DOL") filed suit against Defendants Valley Hotel, Inc., Thomas Smith, and Thomas E. Smith, Ltd. (TES). claiming violations of the Fair Labor Standards Act (FLSA). On August 29, 2019, Defendants moved for summary judgment.[1] Plaintiff cross-moved for partial summary judgment on September 17, 2019.[2] For the reasons set forth below, Defendants' motion is granted in part and denied in part and Plaintiff's motion is granted.

---

[1] Motion for Summary Judgment (ECF No. 49).

[2] Motion for Partial Summary Judgment (ECF No. 53).

## I. BACKGROUND

At issue in this case are the wage-and-hour practices at the Valley Hotel located in Mill Hall, Clinton County, Pennsylvania. The Valley Hotel was previously owned by Valley Hotel, Inc. In 2010, Valley Hotel, Inc. sold the Valley Hotel to Thomas Smith and his business entity, TES.[3]

In August 2013, the DOL's Wage and Hour Division opened an investigation into Defendants' compensation practices.[4] On November 7, 2013, the DOL investigators met with Defendants at the Valley Hotel to confer about the results of the Wage and Hour investigation.[5] At that conference, Smith signed a Back Wage Compliance and Payment Agreement (the "Agreement") and a WH-56 Summary of Unpaid Wages.[6] Before signing, the investigators discussed with Defendants their obligations under the FLSA.[7]

On November 12, 2013, Defendants repudiated the Agreement by email, but continued discussions about the amount of back wages owed.[8] As of this writing, the parties have not reached a new agreement, and Defendants have not paid an amount of back wages.

---

[3] Exhibit F at 36 (ECF No 51-1).
[4] Statement of Facts ("SOF") ¶ 9.
[5] *Id.* at ¶ 10.
[6] *Id.*
[7] *See id.* at ¶ 13–14.
[8] *See* Exhibit B at 5–6 (ECF No 49-2).

## II. DISCUSSION

The parties have cross-moved for summary judgment on various issues. I address these issues in turn.

### A. The Agreement Is Not Enforceable.

In its December 11, 2017 Memorandum Opinion, this Court dismissed the DOL's claims arising before January 19, 2014 except for the eleven claims enumerated in the Agreement.[9] Those exceptions were preserved because statute-of-limitations defenses for those claims were waived in the Agreement.[10] On summary judgment, Defendants argue that they are not bound by the Agreement because it does not identify them as parties to it.

Based on the evidence in the record, the Agreement is fatally flawed. Smith signed the Agreement, purportedly on behalf of Valley Hotel, Inc.[11] However, there is uncontradicted evidence in the record that Smith is not and has never been an owner, director, agent, or other representative of Valley Hotel, Inc.[12] The Valley Hotel was operated by TES, which is owned by Smith, not Valley Hotel, Inc., which is not owned by him.[13] Smith did not have the authority to bind Valley

---

[9] *See* Memorandum Opinion at 6 (ECF No 22).

[10] *Id.*

[11] *See* Plaintiff's Exhibit D at 3 (ECF No 54-6).

[12] *See* Defendants' Exhibit F at 36 (ECF No 51-1).

[13] *See id.* There is no evidence that Valley Hotel, Inc. was involved in the alleged conduct in any way. Therefore, Valley Hotel, Inc. is entitled to full summary judgment in its favor.

Hotel, Inc., and Smith and TES are not identified as employers by the Agreement.[14] Because the terms of the Agreement do not identify them as parties to it, I find that Defendants are not bound by it.[15]

The DOL argues, in the absence of an enforceable Agreement, that the statute of limitations for the Agreement claims should be equitably tolled. FLSA claims may be equitably tolled in three situations: first, if the defendant has "actively misled" the plaintiff; second, if the plaintiff has "in some extraordinary way" been prevented from asserting its rights; third, if the plaintiff has timely asserted its rights mistakenly in the wrong forum.[16]

None of these situations apply here. The DOL contends that Smith actively misled them into believing that Valley Hotel, Inc. was the proper party by signing the Agreement, and that he further misled them in subsequent correspondence that he would pay the back wages. With regard to the Agreement, there is no evidence in the record that Smith's failure to correct the party name was active or intentional. The DOL, as the investigators and drafters of the Agreement, had as much if not more responsibility to ensure that the parties were correctly identified. Smith's failure to correct the DOL's error does not amount to active deception. As

---

[14] *See id.*

[15] I would deny Defendants' argument in the alternative that the Agreement lacked consideration. Forbearance of a party's legal right, such as filing a lawsuit, is sufficient consideration to form a contract. *See Trinity Holdings, Inc. v. Firestone Bank*, 1994 WL 449258, at *8 (W.D. Pa. May 4, 1994), *aff'd*, 66 F.3d 313 (3d Cir. 1995).

[16] *See Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 438 (D.N.J. 2001).

for alleged misrepresentations after the Agreement was signed, the DOL has not cited any in the record. Because the DOL has not shown that appropriate circumstances exist, I conclude that the statutes of limitations for the Agreement claims have not equitably tolled.

I grant Defendants' motion for summary judgment on the issue that the Agreement is invalid. I further grant summary judgment in Defendants' favor on the issue that the eleven claims specified in the Agreement are barred by the statute of limitations.

### B. Defendants Are "Employers" under 29 U.S.C. § 203(d).

The term "employer" is defined in 29 U.S.C. § 203(d) to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." The United States Court of Appeals for the Third Circuit has interpreted this definition broadly.[17] Courts apply an "economic reality" test that examines whether, under the totality of the circumstances, the employer exerts significant control over the employees.[18] Factors establishing control may include but are not limited to authority to hire and fire employees; authority to promulgate rules and assignments; authority to set conditions of employment, including

---

[17] *In re Enterprise Rent-A-Car Wage & Hour Practices Litig.*, 683 F.3d 462, 467–68 (3d Cir. 2012).

[18] *See Enterprise*, 683 F.3d at 468–69.

compensation, benefits, and hours; day-to-day supervision; and control of employee records.[19]

Defendants concede that they were employers under this definition.[20] This is corroborated by evidence in the record, including that TES through Smith operates Valley Hotel and regulated the employment conditions of all employees, supervised the employees, hired and fired employees, created schedules, and set wage rates.[21] This exhibits sufficient control, and I enter summary judgment for the DOL on this issue.

### C. Defendants Violated FLSA Overtime Provisions.

The FLSA requires employers to pay employees time-and-a-half for overtime hours (hours worked in excess of forty in a week).[22] An employer is liable under this section if it knew or should have known that its employees worked overtime and did not pay the owed compensation.[23]

The payroll records list multiple instances of employees working overtime hours without receiving overtime compensation.[24] I find these records to be credible, not least because Smith corroborated their accuracy in his deposition.[25]

---

[19] *See Enterprise*, 683 F.3d at 469.

[20] *See* Defendant's Brief at *5 (ECF No 59).

[21] *See* Answer ¶ III; Smith Dep. at 26–30.

[22] 29 U.S.C. § 207(a)(1).

[23] *See Allen v. Bd. of Educ. for Bibb County*, 295 F.3d 1306, 1314–15 (11th Cir. 2007).

[24] *See* SOF ¶ 29–31; Payroll Records (ECF No 54-20); Timesheets (ECF No 54-21).

[25] *See* Smith Dep. at 63–64.

However, Defendants attempt to raise doubts by arguing that Plaintiff did not introduce an affidavit from an employee claiming to have been underpaid, that there was a correction to one time entry, and that another time entry might have a transcription error.

Plaintiff's decision not to include other possible evidence does not raise doubts about the records. Defendants' argument that the records are untrustworthy because a time entry was entered incorrectly is undermined by the presence of the correction in the same records that they rely on to make this argument. Finally, even assuming one transcription error was made, there is no reason to generalize one error to every recorded time entry—in particular, to the entries showing overtime violations.

Defendants' records show overtime violations on their face. I find no plausible reason to doubt them, and I therefore grant summary judgment to the DOL on this issue.

### D. Defendants Violated FLSA Recordkeeping Requirements.

Title 29 U.S.C. § 211(c) requires employers to "make, keep, and preserve" records of the wages and hours worked by its employees. The employer bears the burden of keeping accurate records.[26] These records must include hours worked per day and week, the amounts paid to each employee, and the daily starting and

---

[26] *See Dole v. Solid Waste Servs., Inc.*, 733 F. Supp. 895, 924 (E.D. Pa. 1989).

stopping times of individual employees.[27] Employers must maintain payroll records for three years and records of each employee's starting and stopping times for two years.[28]

Defendants have failed to satisfy this requirement. They did not maintain records of each employee's starting and stopping times.[29] Failure to maintain these records for the required time periods is a violation of 29 C.F.R. § 516.5(a) and 29 C.F.R. § 516.6(a)(1).[30] For that reason, I grant summary judgment to the DOL on the issue that Defendants violated the FLSA recordkeeping requirement under § 211(c).[31]

### E. Defendants Are Subject to Sanctions for Spoliation.

Pursuant to their inherent authority, Courts may impose sanctions for spoliation.[32] A Court may conclude that spoliation has occurred when a party destroys or fails to produce a relevant document within its control, given that the

---

[27] 29 C.F.R. §§ 516.2(7), (8); 516.6(a)(1).

[28] 29 C.F.R. §§ 516.5(a); 516.6(a)(1).

[29] *See* Smith Dep. at 84–85.

[30] *See Reich v. Cole Enterprises, Inc.*, 901 F. Supp. 255, 259 (S.D. Ohio 1993).

[31] In their briefs, the parties discuss the application of the burden-shifting analysis from *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). This test concerns damages in cases where there are insufficient records to straightforwardly calculate the damages value. *See id.* at 687–88. This is the proper test to assess damages in this case for the time periods where Defendants' records are inadequate. However, because the amount of damages is not raised in this motion, I do not conduct the full analysis here.

[32] *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 72 (3d Cir. 2012).

duty to preserve the evidence was reasonably foreseeable.[33] Here, the DOL requests spoliation sanctions against Defendants for failing to preserve employee timesheets and video recordings of the premises that could have been used to corroborate reported working hours.

Sanctions are proper for failing to preserve or produce significant portions of the timesheet records. There is no question that the timesheets were in Defendants' control and that they are relevant to this case. Further, Defendants' argument that this litigation was not reasonably foreseeable is not convincing. Immediately prior to the violations in this case, the DOL had concluded an investigation into the Valley Hotel for similar violations. These potential violations were acknowledged by Smith in the Agreement. Then, amid continued discussions about paying the back wages, Defendants *repudiated the Agreement which would have barred the DOL from filing suit*. To say that litigation involving these records was not foreseeable is simply not credible. The finder of fact may draw an adverse inference from the missing timesheets.

However, I will not impose sanctions for failing to preserve the security footage. Although video footage could be used to prove employee start and stop times, it is an unconventional way of doing so, and it was not reasonably foreseeable to Defendants that they would need to preserve them all for purposes of an FLSA

---

[33] *See id.* at 73.

action. Further, requiring Defendants to preserve three years of video footage is not proportional to the needs of this case.[34]

### F. Defendants' Violations Were Willful.

Plaintiffs may recover for a third year of damages if an employer's FLSA violation is "willful."[35] A violation is willful if the employer knew that its conduct constituted an FLSA violation or showed reckless disregard for the legality of the conduct.[36] Reckless disregard may be shown by an awareness of possible FLSA violations and a failure to investigate the legality of its conduct.[37] Recordkeeping violations may be evidence of willfulness.[38]

The evidence in the record only reasonably supports the conclusion that Defendants' violations were willful. Although the Agreement was in fact technically deficient, Smith, by signing it, acknowledged the investigation and negotiated to pay over $30,000 in back wages. Smith was thoroughly on notice of potential violations, yet persisted in violating the FLSA, which included failing to keep proper records and failing to pay employees earned overtime compensation. There is no evidence that Smith made any efforts to ensure that Defendants' payroll and recordkeeping

---

[34] *See* Fed. R. Civ. P. 26(b)(1).

[35] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988).

[36] *See id.* at 133.

[37] *See Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991).

[38] *See Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002).

practices were FLSA compliant in the wake of a full DOL investigation into the same.[39] This was, at minimum, reckless disregard.

### G. Defendants Are Liable for Liquidated Damages.

Typically, the DOL may recover the amount of unpaid wages and an additional, equal amount in liquidated damages when it establishes a Section 7 violation.[40] The employer bears the burden of showing that, instead, only single damages are appropriate by establishing good faith and reasonable grounds for the violation.[41] This requires the employer to show that it took affirmative steps to ensure its practices were compliant with the FLSA, even though they ultimately violated it.[42] The reasonableness requirement is an objective prong,[43] whereas the good faith requirement examines the employer's subjective intentions.[44]

Defendants fail on both. As explained in the immediately preceding section, there is no evidence in the record that Smith took any steps to ensure Valley Hotel's compliance with the FLSA in the wake of a full DOL investigation that concluded with him agreeing to pay back over $30,000 in back wages. At that time, he was fully aware of both potential violations and potential consequences of

---

[39] *See* Smith Dep. at 108–09.

[40] 29 U.S.C. § 216(c); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986).

[41] *See Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991).

[42] *See id.* at 908.

[43] *See Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir. 1982).

[44] *See id.*

those violations, yet he did nothing to avoid either. This was neither an objectively reasonable course of action nor one that evinces good faith.

I therefore grant summary judgment to the DOL on this issue.

**H.    A Prospective Injunction against Future Violations Is Warranted.**

A district court may look to many factors when determining whether to grant a prospective injunction against future FLSA violations, including "the employer's previous conduct, its current conduct, and the reliability of its promises of future compliance."[45] The willfulness of the violations as well as when they occurred in relation to a federal investigation or lawsuit are also factors that the Court may consider.[46]

I find that a prospective injunction is proper here due to the likelihood of recurring violations. Defendants were previously put on notice of violations by the DOL investigation prior to committing the violations found in this case. Further, I found the violations to be willful. In light of Defendants' prior conduct, a prospective injunction is appropriate to protect Defendants' employees in the future.

---

[45] *Metzler v. IBP, Inc.*, 127 F.3d 959, 963 (10th Cir. 1997).

[46] *See Chao v. Virginia Dep't of Transp.*, 157 F. Supp. 2d 681, 690 (E.D. Va. 2001).

## III. CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 49) is granted in part and denied in part. Plaintiff's Motion for Partial Summary Judgment (ECF No. 53) is granted.

An appropriate Order follows.

                                              BY THE COURT:

                                              *s/ Matthew W. Brann*
                                              Matthew W. Brann
                                              United States District Judge